**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                                    )
UNITED STATES OF AMERICA,           )
                                    )
                                    )
vs.                                 )    CRIMINAL ACTION
                                    )    NO. 05-40024-FDS
DINIKUE BROWN,                      )
a/k/a "Mouse",                      )
         Defendant,                 )
_____)
```

**ORDER ON THE**
**GOVERNMENT'S MOTION FOR DETENTION**
**June 1, 2005**

**SWARTWOOD, C.M.J.**

    I.   Nature of the Offense and the Government's Motion

On April 28, 2005, an Indictment was returned charging Dinikue Brown, a/k/a "Mouse" ("Mr. Brown"), in Counts One through Four, with distribution of cocaine base, in violation of 21 U.S.C. §841(a)(1) and aiding and abetting, in violation of 18 U.S.C. §2. There is included in this Indictment a forfeiture allegation in accordance with 21 U.S.C. §853.

At Mr. Brown's initial appearance in connection with this Indictment on May 10, 2005, the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(C)(Mr. Brown is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act") and (f)(2)(A)(risk of flight).

On May 26, 2005, Mr. Brown was arraigned in connection with the offenses charged in this Indictment and following his arraignment, a hearing was held on the Government's motion for detention. At that hearing, James Gilbert, a Police Officer with the Fitchburg Police Department and a DEA Task Force Agent testified on behalf of the Government and was cross-examined by Mr. Brown's counsel.

## II. Findings of Fact

1. During the first week of October 2004, Officer Gilbert was on surveillance in connection with a drug related offense. During Officer Gilbert's surveillance, he noticed Mr. Brown approach an undercover agent who was then in a motor vehicle waiting in connection with an unrelated drug investigation. The UCA asked Mr. Brown if he had any crack cocaine for sale and Mr. Brown responded that he did and they made arrangements for a future purchase of crack cocaine. Mr. Brown gave the UCA his cell phone number. This conversation was recorded.

2. On October 13, 2004, the UCA was surveilled as he arrived at a location previously agreed to with Mr. Brown and met Mr. Brown.

3. On that occasion, Mr. Brown sold the UCA 1.6 grams of crack cocaine for $200. Govt. Ex. 1. This transaction was video-taped and recorded.

4.   On October 20, 2004, Mr. Brown sold two undercover agents .67 grams of crack cocaine for $150.  Id.  This transaction was surveilled, video-taped and recorded.

5.   On November 18, 2004, Mr. Brown sold an undercover agent who was accompanied by a confidential source 6.3 grams of crack cocaine for $550.  Govt. Ex. 1.  This transaction was surveilled, video-taped and recorded.

6.   On November 29, 2004, Mr. Brown sold an undercover agent 5.1 grams of crack cocaine for $600.  Id.  This transaction was also surveilled, video-taped and recorded.

7.   Following the drug transactions on November 18, 2004, Mr. Brown was stopped by Fitchburg Police and in response to a request for identification documents, he produced a California ID with the last name of King.  Mr. Brown has also, in the past, used the aliases of Junior Barclay and Juneior Barklay with different dates of birth.

### III.   The Bail Reform Act

#### A.   Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a).  Under the Act, the judicial officer may detain

a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e).  The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."  Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight.  See 18 U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986).  See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991).  Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person".  18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in

the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and

(3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

    (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2)   the weight of the evidence against the person;

    (3)   the history and characteristics of the person, including:

        a.   the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

          criminal history, and record concerning appearance at court proceedings; and

    b.    whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4)    the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

### IV. Discussion of Whether Detention is Warranted

#### A. Nature of the Offense and Weight of the Evidence

The Indictment establishes probable cause for the offense charged against Mr. Brown. Mr. Brown is charged with four individual counts of distribution of crack cocaine and each of those transactions was surveilled, video-taped and recorded. Even though some of the video and recording were defective, all of these sales involved an undercover agent. Therefore, I find that the weight of the evidence against Mr. Brown in connection with the offenses charged in this Indictment is substantial.

#### B. Rebuttable Presumption

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Brown is released, or the appearance of Mr. Brown as required.

The rebuttable presumption created by 18 U.S.C. §3142(e) applies in this case, because Mr. Brown is charged with drug offenses for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. The Indictment establishes probable cause for the drug offenses charged against Mr. Brown. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Brown or the safety of the community if he was released. I find that Mr. Brown has not produced nor proffered any credible evidence on his behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Brown has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that Mr. Brown poses a danger to the community and a risk of flight.

### C. <u>The Government's Burden</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Brown is released, or the appearance of Mr. Brown as required.

The Government's burden of proof is by:

(1) *Clear and convincing evidence* that Mr. Brown, if released, would pose a serious danger to any person or the community, or

(2) A *preponderance of the evidence* that Mr. Brown, if released, would not appear as required.

### D. Mr. Brown' History and Characteristics

Mr. Brown was born on March 28, 1986, in Brooklyn, New York, where he has lived most of his life except for the past nine or ten months when he moved to Fitchburg to live with his girlfriend.

Mr. Brown's father is currently incarcerated.  Mr. Brown's mother and sisters reside in Brooklyn and two half siblings reside in New York and New Jersey.  However, Mr. Brown maintains no contact with his half siblings.

Mr. Brown has a two year old son who resides with his (the child's) aunt in New York.  The mother of his two year old son also claims that Mr. Brown is the father of her five month old child.

Mr. Brown has been unemployed since 2002 and currently relies on his girlfriend for support.  In 2001/2002, Mr. Brown was employed as a maintenance worker in Brooklyn for four to five months.

Mr. Brown has the following relevant criminal record:

| Date of Offense | Offense | Disposition |
|---|---|---|

| 1/19/05 | Assault and battery | 4/12/05, guilty, probation to 4/14/06 |
|---|---|---|
| 4/5/05 | Possession of cocaine | 4/12/05, guilty, probation to 4/14/06 |

Mr. Brown has some outstanding warrants in New York for assault with intent to cause physical harm, attempted assault, menacing and harassment.

    E.   <u>Whether Mr. Brown Poses A Danger To The Community</u>

Mr. Brown is charged in four separate counts with distribution of crack cocaine. Mr. Brown has a prior conviction for possession of cocaine and was on probation for that offense when he committed the offenses charged in this Indictment. Therefore, considering the nature of the offenses charged in this Indictment and Mr. Brown's record of criminal convictions for drug and violent offenses, I find by clear and convincing evidence that Mr. Brown poses a danger to the community and that there are no conditions or combination of conditions that I can impose to protect the community if he were released.

    F.   <u>Whether Mr. Brown Poses A Risk Of Flight</u>

Although, Mr. Brown has no family ties to this District, he has substantial family ties to Brooklyn, New York. However, considering Mr. Brown's use of aliases, his outstanding warrants in New York and the substantial period of incarceration he faces if found guilty of the offenses charged in this Indictment, I find by a preponderance of the evidence that Mr. Brown poses a risk of

flight and that there are no conditions or combination of conditions that I can impose that will assure his appearance in this Court as directed.

## V. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Brown be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That Mr. Brown be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Brown is detained and confined shall deliver Mr. Brown to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

<pre>
                              /S/CHARLES B. SWARTWOOD, III
                              CHARLES B. SWARTWOOD, III
                              CHIEF MAGISTRATE JUDGE
</pre>