UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 05-40024-FDS |
| | ) | |
| | ) | |
| DINIKUE BROWN | ) | |

**DEFENDANT DINIKUE BROWN'S SENTENCING MEMORANDUM**

Now comes defendant DINIKUE BROWN, through counsel, and hereby submits this Memorandum in preparation for his sentencing.

**I.     Mr. Brown's Position Regarding his Guideline Sentencing Range, Without Reference to Departures**

As set forth in the Pre-Sentence Report (PSR), the Probation Officer has calculated the Guideline Sentencing Range (GSR) to be 60 to 71 months. In arriving at this GSR, the Probation Officer contends that pursuant to U.S.S.G. § 2D1.1(c)(7), the base offense level attributable to Mr. Brown is 26. The base offense level is then reduced by three (3) levels for acceptance of responsibility, producing a total offense level of 23. Mr. Brown is given a subtotal criminal history score of 6[1], which yields a Criminal History Category of III. While the GSR for a defendant with a total offense level of 23 and a Criminal History Category of III would ordinarily be 57 to 71

---

[1] As noted in defendant's objection to ¶ 85 of his PSR, while the Probation Officer observes that his criminal history category may change if he is brought into the District Court of Fitchburg and receives a sentence of custody in any case in which probation violation warrants were issued, he is already penalized at ¶ 92 in the sense that two (2) points are added pursuant to U.S.S.G. § 4A1.1(d) for committing the instant offense while under a criminal justice sentence imposed on 4/12/05.

months, the Probation Officer correctly notes that pursuant to U.S.S.G. § 5G1.1(c), the minimum guideline sentence is set by the statute for counts 3 & 4 and is 60 months (¶ 136).

Defendant agrees with the Guideline Sentencing Range as calculated by the Probation Officer, but renews the objections made to paragraphs 32-42 and 56-60. Specifically, defendant objects to the inclusion of the information contained in paragraphs 32 through 42, as well as that contained in paragraphs 56 through 60, and notes that he was not charged with the 3.3 grams[2] of cocaine base sold on November 16, 2004, nor was he charged with the 2.6 grams sold on February 3, 2005. Further, defendant objects to the representation in ¶ 40 that Ms. Bernabel worked for him; rather, Ms. Bernabel and Mr. Brown were both "independent contractors" who each had their own supply. This is evident from the DEA-6 of 11/22/04, where it is recorded that the undercover officer was unhappy that Ms. Bernabel had "shorted" him during their last transaction, and the UC "wanted exactly one half ounce if the product was [Ms. Bernabel's]". Mr. Brown allegedly responded that while he had Ms. Bernabel's cell phone, he had his own "product."

Defendant therefore renews his objection to the Probation Officer's calculation of the amount of cocaine base for which he is accountable (¶ 72) . It is defendant's position that he should not be held accountable for the 5.9 grams of crack sold on 11/16/04 and 2/3/05 – as he was not charged with either of those sales on those dates (¶ 74). Defendant therefore states that he should only be responsible for the 13.67 grams sold on the four dates charged in the indictment[3].

---

[2] In reviewing the PSR and defendant's objections, as well as the DEA-7 regarding the November 16, 2004 transaction, defendant discovered that ¶ 42 contains a typographical error. The weight of the cocaine base on 11/16/04 was 3.3 grams, not the 1.6 grams that is noted at ¶ 42.

[3] As a practical matter, the base offense level (and therefore the GSR) does not change if the drug weight for which Mr. Brown is held responsible is lowered from 19.57 grams to 13.67 grams, as the weight is still at least 5 grams but less than 20 grams.

**II.    Mr. Brown's Sentence After Consideration of the Factors Set Forth in 18 U.S.C. § 3553(a)**

In recognition of the fact that the United States Sentencing Guidelines were rendered "advisory" by the Supreme Court's decision in United States v. Booker / United States v. Fanfan, 125 S.Ct. 738 (2005), defendant submits that a sentence at the low end of the Guideline Sentencing Range (GSR) is appropriate when considering the factors the Court is directed to consider in imposing a sentence pursuant to 18 U.S.C. § 3553(a). Defendant therefore submits that a sentence of five (5) years is more than appropriate[4].

Section 3553(a)(1) requires the Court to consider the nature and circumstances of the offense and the history and characteristics of the defendant when imposing a sentence. It is worthwhile to note that "when put side by side, the Guideline provisions and statutory provisions under section 3553(a) often contradict one another." United States v. Myers, 2005 U.S. Dist. LEXIS 1342 (S. D. Iowa Jan. 26, 2005) (citing United States v. Ranum, 2005 U.S. Dist. LEXIS 1338 (E.D. Wis. Jan 14. 2005)). For example, under the Guidelines, courts are generally prohibited from considering the defendant's age (§ 5H1.1), education and vocational skills (§ 5H1.2), socio-economic status (§ 5H1.10), or lack of guidance as a youth (§ 5H1.12). Section 3553(a)(1), however, requires a Court to consider these factors, as they compose the "history and characteristics" of a particular defendant and are necessary components to an individualized sentence. As explained more fully below, a sentence of five (5) years is therefore appropriate and adequate.

---

[4] As noted in Section I above, counts 3 and 4 require a mandatory minimum sentence of sixty (60) months.

Section 3553(a)(1) requires the Court to consider the history and characteristics of the defendant. Dinikue Brown was eighteen (18) years old when he committed the offenses charged in this case[5]. He revealed during his Pre-Sentence Interview (PSI) that his father was "in and out" of jail when he was a child; in fact, his father is currently incarcerated in Maryland for a drug trafficking crime (¶ 101). While Mr. Brown's father – Terrence Brown – apparently never had legitimate employment, his mother worked as a security guard (¶ 101). Mr. Brown's mother – Nancy Santiago – also was predominantly responsible for raising Dinikue and his younger sister, Nyisha (age 15 or 16) (¶ 107). Mr. Brown also has a younger sister named Nijah, who is one year old (¶ 108). While Ms. Santiago was working to support the family, as well as being the primary caretaker for the children, Terrence Brown had two other children – one who is approximately 20 and another who is approximately 14.

Defendant reports that he often misbehaved as a child (¶ 104), and only attended school through the eighth grade (¶ 127)[6]. Even while still in school, defendant admits that he did not attend classes and did not apply himself (¶ 127). From the time Mr. Brown was 13, he smoked marijuana on a daily basis; over time, his use increased to the point that he was smoking an ounce a day (¶ 121). By 14, Mr. Brown was drinking alcohol every day – and he was drinking enough to get drunk (¶ 120). By 17 or 18, Mr. Brown was using cocaine; as time progressed, he mixed crack cocaine with marijuana (122-23). Also while in New York, Mr. Brown used Angel Dust frequently (¶ 124).

---

[5] Mr. Brown was born on March 28, 1986; therefore, he just recently turned twenty (20) (¶ 99).

[6] Mr. Brown moved out of his parents' home when he was 15 or 16 and went to live with the mother of his three (3) year old son, Dinikue Grant (¶ 109).

Mr. Brown is aware that he needs drug treatment (¶ 126). Defendant admits that while living in Massachusetts, he drank (to the point of being drunk) by himself on a daily basis, and this caused problems in his relationship with his girlfriend (¶ 120). In addition to having substance abuse problems, Mr. Brown also admits that he has a problem with gambling and "does not know how to stop" (¶ 119). Mr. Brown feels, therefore, that he would benefit from meeting with a mental health counselor (¶ 118). Given the history and characteristics of Mr. Brown, a sentence of five (5) years is more than appropriate.

The nature and circumstances of the offense also warrant a sentence of five years. While Mr. Brown in no way wishes to "downplay" the seriousness of the offenses he has been convicted of committing, it is noteworthy that Mr. Brown's conduct was non-violent. Mr. Brown is not accused of possessing any firearms in relation to the drug transactions, nor did he cause direct physical harm to anyone. Further, Mr. Brown's behavior and conduct were clearly influenced by the fact that he has a serious problem with drug and alcohol addiction, as well as his young age and difficult upbringing. A sentence of five (5) years is more than adequate given the nature and circumstances of this offense.

Section 3553(a)(2) requires the Court to consider the need for the sentence imposed to take into consideration four (4) specific factors. These four (4) factors are as follows: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. As addressed

more fully below, a sentence of five (5) years would adequately take these four factors into consideration.

Section 3553(a)(2)(A) requires the Court to impose a sentence that reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. Defendant submits that a sentence of five years – particularly in light of the history and characteristics of the defendant set forth in this memorandum – is more than adequate to reflect the seriousness of the offense and promote respect for the law.

Section 3553(a)(2)(B) requires the Court to impose a sentence that affords adequate deterrence to criminal conduct. A sentence of five (5) years is a significant period of time to spend incarcerated. Mr. Brown is barely twenty (20) years old and has most certainly learned a lesson from the time he has already spent in prison. As noted in the PSR, Mr. Brown did not have a stable childhood. Mr. Brown has been working to have a good relationship with his son, and a sentence of five years will serve to deter him from committing future crime based on the fact that it will be five years that he is away from his son during such an important time in his life.

Section 3553(a)(2)(C) requires the Court to impose a sentence that protects the public from further crimes of the defendant. The offense that led to this indictment did not involve violence or possession of a weapon. While it is true that Mr. Brown has prior involvement with the criminal justice system, much of that involvement was relatively minor and non-violent. Further, while Mr. Brown does have prior involvement with the criminal justice system, all of his arrests occurred while he was under twenty (20). As explained more fully above, Mr. Brown reported to the Probation Officer that since he was 15 or 16, he has lived on his own or with a girlfriend (¶ 109). As a result of both choosing the wrong friends in some instances and an increasing dependence on drugs and

alcohol, Mr. Brown got himself into trouble. Upon his release in this case, however, he will return to living with his girlfriend in an adult situation – as opposed to moving from place to place as a teenager. A sentence of five years will be more than sufficient to ensure that the public is protected from further crimes of the defendant.

Finally, § 3553(a)(2)(D) requires the Court to impose a sentence that provides the defendant with educational or vocational training, or medical care, as needed. A sentence of 60 months would be more than adequate for Mr. Brown to perhaps pursue a GED or receive vocational training that would better prepare him to obtain gainful employment upon his release.

Given the facts stated above, as well as the presence of a mandatory post-incarceration term of supervised release, defendant suggests that a sentence of five (5) years is more than appropriate.

        Respectfully submitted,
**DINIKUE BROWN**
By his attorney,

 /s Christie M. Charles
Christie M. Charles (BBO# 646995)
George F. Gormley (BBO# 204140)
***George F. Gormley, P.C.***
655 Summer Street
Boston, MA 02210
(617) 478-2750

**Dated**:	April 14, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 14, 2006.

/s Christie M. Charles

Christie M. Charles