UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **UNITED STATES of AMERICA** | ) | |
| | ) | |
| v. | ) | Criminal No. |
| | ) | 05-40024-FDS |
| **DINIKUE BROWN,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

ORDER ON DEFENDANT'S MOTION
FOR MODIFICATION OF SENTENCE

**SAYLOR, J.**

Defendant Dinikue Brown pleaded guilty in January 2006 to four counts of distribution of cocaine base. He was sentenced to a term of imprisonment of 60 months with a four-year term of supervised release. He now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the retroactive amendment of the sentencing guidelines concerning crack cocaine. For the reasons stated below, the motion will be denied.

**I.   Background**

On April 28, 2005, a grand jury returned an indictment against Dinikue Brown charging him with four counts of distribution of five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). On January 25, 2006, he pleaded guilty to the indictment. On April 24, 2006, the Court conducted a sentencing hearing, and he was sentenced to the mandatory minimum term of imprisonment of 60 months with a four-year term of supervised release.

On March 24, 2008, Brown filed a *pro se* motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 706 to the Sentencing Guidelines, which lowered the

base offense levels applicable to crack cocaine offenses.  He contends that he is eligible for a reduction of sentence under the new guidelines because the sentencing range for the crime he committed has been lowered by the Sentencing Commission.

The government contends that Brown is not eligible for a reduction of sentence because he was sentenced to a five-year statutory mandatory minimum period of incarceration.  As a result, Brown's sentence was determined by statute and not by the Sentencing Guidelines, and therefore is unaffected by the Amendment.

## II.    Analysis

A district court lacks authority to sentence defendants below the mandatory minimum sentence in most circumstances.  *United States v. Ramirez*, 252 F.3d 516, 520 (1st Cir. 2001).  Defendant contends, however, that he is eligible for sentence reduction pursuant to 21 U.S.C. § 3582(c)(2), which states that a defendant is eligible for a new sentence if the original sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission.  That argument is without merit.  Defendant's sentence was based on a statute, not a sentencing range, and therefore the otherwise-applicable guideline calculation was replaced with the statutory minimum sentence.  *See* U.S.S.G. § 5G1.1(providing that "where a statutorily authorized minimum sentence is greater than the maximum of the applicable guideline range, the statutorily authorized minimum sentence shall be the guideline sentence").  The statutory minimum sentence applicable to defendant's case has not changed since his original sentencing.  The Court is therefore unable to reduce his term of imprisonment.

## III.   Conclusion

For the foregoing reasons, defendant's motion for reduction of sentence is DENIED.

**So Ordered.**

                                              /s/ F. Dennis Saylor  
                                              F. Dennis Saylor IV  
                                              United States District Judge

Dated:  July 21, 2009